# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CORINTHIAN THREE PARTNERSHIP, | § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL CASE NO. 4:10-3926 |
| ONEBEACON INSURANCE COMPANY, SOUTHEASTERN CLAIMS SERVICE, GORDON HOUSTON, MIKE MURPHY and ABERCROMBIE, SIMMONS & GILLETTE, | § § § § § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

In this dispute regarding insurance coverage for damage claims resulting from Hurricane Ike, Plaintiff Corinthian Three Partnership ("Corinthian") has filed a Motion to Remand [Doc. # 7]. Defendants have filed a response [Doc. # 10], and the Motion now is ripe for decision. Having considered the full record and the applicable legal authorities, the Court concludes that it lacks subject matter jurisdiction over this dispute and **grants** the Motion.

## I.   **BACKGROUND**

Defendant OneBeacon Insurance Company ("OneBeacon") issued at Texas businessowners' insurance policy to Plaintiff Corinthian, covering property in

Webster, Texas. Corinthian filed a claim with OneBeacon for damages resulting from Hurricane Ike in September 2008. OneBeacon assigned Defendant Southeastern Claims Service ("Southeastern"), an independent insurance adjusting firm, to adjust the claims, and Southeastern assigned the claim to an adjuster, Defendant Gordon Houston ("Houston"). Subsequently, OneBeacon assigned the claim to Defendant Abercrombie, Simmons & Gillette ("Abercrombie"), a separate independent insurance adjusting firm, and Abercrombie in turn assigned the claim to an adjuster, Defendant Mike Murphy ("Murphy").

Corinthian filed this lawsuit on September 9, 2010, in the 157th Judicial District Court of Harris County, Texas. Corinthian alleges violations of the Texas Insurance Code, breach of contract, fraud, and other claims. Defendants removed to this Court, arguing that Defendants Southeastern, Houston, Abercrombie, and Murphy, all of whom are Texas residents, were improperly joined to defeat diversity jurisdiction. Corinthian now moves to remand.

## II.     IMPROPER JOINDER ANALYSIS

Federal courts are courts of limited jurisdiction.[1] "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"[2] The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[3]

Defendants assert that Southeastern, Houston, Abercrombie, and Murphy were improperly joined and that, as a result, the Court should disregard their Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant.[4] There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

---

[1]   *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]   *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).

[3]   *Howery*, 243 F.3d at 916; *see Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)).

[4]   *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[5] The party asserting improper joinder bears a heavy burden of persuasion.[6] The removing party's "showing must be such as compels the conclusion that the joinder is without right and made in bad faith."[7] "[A]ny doubt about the propriety of removal must be resolved in favor of remand."[8] Generally, if the plaintiff could survive a Rule 12(b)(6) challenge, joinder is not improper.[9]

It is well-established and undisputed that Texas law allows a plaintiff to bring a claim under Texas Insurance Code § 541.060 against individuals other than the insurer.[10] The United States Court of Appeals for the Fifth Circuit has held that an

---

[5] *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)).

[6] *Id.* at 514.

[7] *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

[8] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[9] *Smallwood*, 385 F.3d at 573.

[10] *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998) (construing Texas Insurance Code Article 21.21, the predecessor to § 541.060).

adjuster can be found liable under the Texas Insurance Code.[11] Defendants argue, however, that Plaintiff's state court petition failed to allege "actionable facts" against the adjuster Defendants, who are Texas residents.[12]

In its Original Petition, Corinthian alleges that Defendant Houston, the adjuster assigned to the claim by Defendant Southeastern, "tried to discredit damage to Plaintiff's roof," "tried to discredit any coverage for the obvious wind damage to the outside sign,"and "tried to discredit[] Plaintiff's roof damage by claiming no uplift of the roof occurred."[13] Corinthian also alleges that Houston relied on his incorrect understanding of the property's lease without actually reading the lease and that he "clearly demonstrat[ed]" his "incorrect knowledge of wind lift."[14] As for the second adjuster, Defendant Murphy (assigned to the claim by Defendant Abercrombie), Corinthian alleges that he "performed a light weight visual inspection of the property simply walking the interior and the temporary repairs on the roof," and that he failed to interview the manager who had valuable information as to water penetration.[15]

---

[11]  *Gasch*, 491 F.3d at 282.

[12]  Response [Doc. # 10], at 8.

[13]  Plaintiff's Original Petition (Exhibit C to Motion) ("Petition"), at 4-5, ¶¶ 4.6 - 4.8.

[14]  *Id*. at 5, ¶¶ 4.7 - 4.8.   Houston is President of Defendant Southeastern.  *Id*. at 2, ¶ 2.3.

[15]  *Id*. at 6, ¶ 4.10.  Murphy's relationship with Abercrombie is not explicitly stated, but Corinthian states that Abercrombie assigned Murphy to adjust the claim on its behalf.
(continued...)

These allegations differentiate the actions of the adjusters from that of the insurance company, OneBeacon. As such, viewed in the light most favorable to Plaintiff, they are sufficient to demonstrate a reasonable basis for recovery against the Texas Defendants for violations of the Texas Insurance Code.

Defendants also urge this Court to hold that Plaintiff may not bring a claim for violation of Texas Insurance Code § 541.060 against the Texas Defendants because they are not employees of Defendant OneBeacon, but rather independent adjusters who have no contractual duties to the insured. Defendants rely heavily on *Crocker v. American National General Insurance Company*,[16] a case decided by the Dallas appellate court before the Fifth Circuit decided *Gasch*. *Crocker*, like the case at bar, involved claims against an independent adjuster who was not an employee of the insurance company, and affirmed dismissal of all claims against the adjuster. However, *Crocker* did not squarely address the issue of a § 541.060 claim against the independent adjuster. Although *Crocker* stated that "[a]n independent adjusting firm hired exclusively by an insurance carrier has no relationship with, and therefore no

---

[15]   (...continued)
       *Id*., ¶ 4.13.

[16]   *Crocker v. Am. Nat'l Gen. Ins. Co*., 211 S.W.3d 928 (Tex. App.—Dallas 2007, no pet'n).

duty to, an insured,"[17] the case authority cited in support of its statement does not pertain to Texas Insurance Code claims, but rather to claims such as negligence, breach of contract, or breach of the duty of good faith and fair dealing. As the Fifth Circuit squarely held in *Gasch*, the Texas Supreme Court's holding in *Garrison* "explicitly authorizes" § 541.060 claims against adjusters.[18] Moreover, various federal district courts in Texas have held that independent adjusters *are* subject to claims under the Texas Insurance Code.[19] To the extent Defendants argue that the question of an independent adjuster's liability has not been firmly settled by the Texas courts, this Court must resolve such legal ambiguity in favor of remand.[20]

Defendants have not demonstrated that there is no possibility that Plaintiff could prevail on its Chapter 541 claims based on these factual allegations. As a result, Defendants have not carried their burden to establish that the Texas Defendants were

---

[17] *Id.* at 937 (citing *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 917 (Tex. App.—Dallas 1997, writ denied); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994)).

[18] *Gasch*, 491 F.3d at 283 & n. 20 (discussing *Natividad*, 875 S.W.2d 695).

[19] *Rankin Road, Inc. v. Underwriters at Lloyds of London*, ____ F. Supp. 2d ____, 2010 WL 4007619 (S.D. Tex. Oct. 12, 2010) (Ellison, J.), at *3 (collecting cases).

[20] *See Gasch*, 491 F.3d at 281 ("In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff.") (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)).

improperly joined. Because complete diversity of citizenship is absent, this Court lacks subject matter jurisdiction over this dispute.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Defendants have failed to satisfy their heavy burden to establish that the Texas Defendants were improperly joined in this case. Consequently, the Court lacks subject matter jurisdiction and the action must be remanded to the 157th Judicial District Court of Harris County, Texas. It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **GRANTED** and this case is remanded to the 157th Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction. The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this 24th day of **January, 2011**.

*[signature]*

Nancy F. Atlas
United States District Judge